**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2009

Charles R. Fulbruge III
Clerk

No. 08-50314
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAVID PENA-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:07-CR-2835-ALL

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

David Pena-Hernandez appeals the sentence imposed following his guilty plea conviction of attempted illegal reentry after deportation. He was sentenced to 36 months of imprisonment and three years of supervised release. Pena-Hernandez first argues that his sentence must be vacated because the district court committed a significant procedural error by failing to explain the bases for the imposed sentence. Plain error review is applicable to this issue because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pena-Hernandez failed to object on this basis in district court. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 363-64 (5th Cir. 2009)*, petition for cert. filed* (June 24, 2009) (No. 08-11099).

At sentencing, Pena-Hernandez requested the "least possible sentence" based upon various factors, including his age, work history, family location, and medical reasons. Although it imposed a within-guidelines sentence, the district court provided no specific explanation for its implicit rejection of Pena-Hernandez's request for a lesser sentence and made no mention of the 18 U.S.C. § 3553(a) factors. Thus, "the district court failed to adequately explain its reasons for the sentence imposed as required by § 3553(c), which is error." *Id.* at 364. This error "is also plain, or obvious," as "the law requiring courts to explain sentences is clear." *Id.* Nonetheless, Pena-Hernandez is not entitled to relief on this issue, as he has failed to show that the error affected his substantial rights. *See id.* at 365. Pena-Hernandez has not shown that his sentence is procedurally unreasonable. *See id.*; *see also Gall v. United States*, 128 S. Ct. 586, 597 (2007).

Pena-Hernandez contends that the imposed sentence was substantively unreasonable because it was greater than necessary to accomplish the goals set forth in § 3553(a) and because his prior conviction for obstruction was double-counted. He also asserts that the presumption of reasonableness that this court normally applies to within-guidelines sentences is inapplicable to his sentence because U.S.S.G. § 2L1.2, the Guideline used to calculate his advisory guidelines range, is not empirically supported.

Pena-Hernandez's challenge to the presumption of reasonableness is foreclosed by this court's holding in *Mondragon-Santiago*, 564 F.3d at 366-67, which was issued after he filed his appellate brief. Accordingly, his sentence is afforded a presumption of reasonableness. *See id.* Additionally, the sentence was correctly calculated, and there was no impermissible double counting. *See* U.S.S.G. § 2L1.2(b)(1) & application note 6. Pena-Hernandez has not shown

sufficient reason for this court to disturb the sentence imposed by the district court.

The district court's judgment is AFFIRMED.